# IN THE UNITED STATES DISTRICT
# EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **CURT TOMLINSON,** | : | **Case No.** |
| 3236 S. Wood Stork Circle | : | |
| Avon Park, FL 33825 | : | |
| | : | |
| Plaintiff, | : | **Judge** |
| | : | |
| vs. | : | |
| | : | |
| **KRAUSS-MAFFEI CORPORATION,** | : | |
| 7095 Industrial Road | : | **COMPLAINT AND** |
| Florence, Kentucky 41042 | : | **JURY DEMAND** |
| | : | |
| Defendant. | : | |

## I. INTRODUCTION

1. This is an action for disability discrimination in violation of the Americans with Disabilities Act as amended (ADAAA), 42 U.S.C. §12101 *et seq.* and K.R.S. § 344.040. Plaintiff also asserts retaliation in violation of 42 U.S.C. §12203 and K.R.S. § 344.280.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over the matter pursuant to 28 U.S.C § 1331 and § 1332 because there is a federal question and diversity of citizenship. Venue is proper since Defendant does business in this district and all acts complained of occurred in this district.

1

### III. PARTIES

3. Plaintiff is a former employee of Defendant.

4. Defendant is an employer within the meaning of 42 U.S.C. §12111(5) and was Plaintiff's employer during all times relevant to this action.

### IV. FACTS

5. Defendant hired Plaintiff in June of 2016 as a Field Service Engineer. Plaintiff's primary responsibilities were to assist with the installation and service of Defendant's products throughout the world. Plaintiff's direct supervisor was John Wiley.

6. In February of 2017, Plaintiff advised Randy Hemmerle, Defendant's Director of Human Resources, that he suffered from a disability.

7. On March 14, 2018, John Wiley gave Plaintiff an evaluation that contained false and negative statements about Plaintiff's performance. There were no complaints about Plaintiff's work before he disclosed his disability to the company.

8. The evaluation led to the aggravation of Plaintiff's disability, which caused Plaintiff to leave work in May of 2018 and apply for short-term disability benefits.

9. In May of 2018, Plaintiff complained to Defendant that Wiley had discriminated against him based on his disability.

10. In late July of 2018, Defendant advised Plaintiff that if he returned to work, he would be required to continue to report to Wiley. Defendant knew that

Wiley's conduct aggravated Plaintiff's disability and resulted in Plaintiff's need for medical leave.

11.  Defendant failed and refused to engage in any discussions regarding how Plaintiff could be accommodated so that he could return to work.

12.  On August 24, 2018, Plaintiff was constructively terminated due to Defendant's failure to engage in the interactive process and accommodate his disability. The situation was intolerable and was adversely affecting Plaintiff's health.  As a result, Plaintiff resigned.

13.  Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC) on December 11, 2018. The EEOC issued a notice of right to sue on or after March 5, 2019.

## COUNT I
### (Disability Discrimination)

14.  Plaintiff incorporates Paragraphs 1-13 as if fully restated.

15.  Plaintiff is a qualified individual with a disability as set forth in 42 U.S.C. § 12111(8), 42 U.S.C. § 12102, and KRS § 344.10 (4).[1] Defendant was aware of Plaintiff's disability. Defendant took adverse actions against Plaintiff, including failing to accommodate him and failing to engage in the mandated interactive process. As a result, Plaintiff felt compelled to resign and was constructively discharged. Defendant's conduct violated the ADAAA and KRS §344.040.

---

[1] Defendant is aware of Plaintiff's condition. To protect Plaintiff's private medical information from public disclosure, the specific nature of the disability is not set forth in the complaint.  In the event that Defendant seeks a more definite statement, Plaintiff will request leave to file an amended complaint under seal.

## COUNT II
### (Retaliation)

16. Plaintiff incorporates Paragraphs 1-13 as if fully restated.

17. Plaintiff engaged in protected conduct when he advised Defendant of his condition, complained about disability discrimination, and sought an accommodation. Defendant thereafter took adverse actions against Plaintiff, including refusing to engage in the interactive process, refusing to accommodate Plaintiff, and the constructively terminating his employment. Defendant's conduct violated 42 U.S.C. § 12203 and K.R.S. § 344.280.

18. As a result Defendant's conduct, Plaintiff has suffered lost income and benefits and such losses are expected to continue. Plaintiff has further suffered emotional distress and mental anxiety.

19. Wherefore, Plaintiff demands the following:

    a.  reinstatement or front pay in lieu thereof;

    b.  damages for all lost income and benefits;

    c.  compensatory damages;

    d.  punitive damages;

    e.  reasonable attorneys fees and costs;

    f.  pre-judgment interest; and

    g.  all other legal and equitable relief to which he is entitled.

20. Plaintiff demands a trial by jury an all issues triable by jury.

Respectfully submitted,

s/ Stephen A. Simon
Stephen A. Simon (Ky. Bar No. 87264)
David Torchia (Ohio Bar No. 0015962)[2]
Tobias, Torchia & Simon
321 Mercantile Library Bldg.
414 Walnut Street
Cincinnati, Ohio  45202
(513) 241-8137
steves@tktlaw.com
davet@tktlaw.com
Attorneys for Plaintiff

---

[2] A motion for admission pro hac vice is being filed with Court.